**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
MATTHEW D. ROWLAND

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MATTHEW D. ROWLAND,<br><br>    Plaintiff,<br><br>    vs.<br><br>NAVY FEDERAL CREDIT UNION<br><br>    Defendants. | Case No.: 5:24-cv-144<br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br>1. **VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT STATUTE [CAL. CIV. CODE § 1798.93, *ET. SEQ.*]**<br>2. **VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]**<br>3. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACR [CAL. CIV. CODE § 1788 *ET. SEQ.]*<br>4. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 USC § 1681, *ET. SEQ.]* |

1. NOW COMES Plaintiff, MATTHEW D. ROWLAND, by and through his attorneys, Martin & Bontrager, APC, and files his Complaint against Defendant, NAVY FEDERAL CREDIT UNION (hereinafter "Defendant") as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the California Identity Theft Statute, Cal. Civ. § 1798, et seq. ("CITS), the California Consumer Credit Reporting Agencies Act, Cal. Civ. § 1785, et. seq. ("CCCRAA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. §1788, *et seq.* (hereinafter "RFDCPA"), and the Fair Credit Reporting Act (15 U.S.C. § 1681 *et. seq.*

2. Plaintiff is a natural person residing in Chino Hills, California and is a "debtor" as defined by the RFDCPA and a "consumer" as defined by the CCCRAA and the FCRA. Defendant is an American global credit union headquartered in Vienna, Virginia, chartered and regulated under the authority of the National Credit Union Administration. Navy Federal is the largest natural member credit union in the United States, both in asset size and in membership.

3. In the ordinary course of business, Defendant regularly attempts to collect debts alleged to be due another and is a "debt collector" as defined by the the RFDCPA. Defendant regularly engages in the collection of debt by mail and telephone in several states including, California. Defendant is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j). Defendant is a "claimant" as defined by Cal. Civ. Code § 1798.92(a).

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as Plaintiff resides within the State of California and Defendant regularly engages in business throughout the state.

5. Venue is proper in the County of Sacramento because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and

Defendant transacts business here.

## FACTUAL ALLEGATIONS

6. Plaintiff is a victim of identity theft.

7. The identity thief used the fraudulently obtained credit accounts to ring up thousands of dollars in various charges, as shown by Defendant's reporting of the account on Plaintiff's credit reports.

8. Upon Plaintiff's notification of the fraudulently opened account, Plaintiff immediately contacted Defendant in writing, advising Defendant that Plaintiff did not open the accounts, Plaintiff did not authorize anyone to open the accounts, that Plaintiff did not purchase the items resulting in the charges, and requested that Defendant close the accounts immediately.

9. Defendant has denied Plaintiff's claims and continues to claim money owed by Plaintiff in connection with the transaction(s) procured through identity theft.

10. Within the last two years, Plaintiff has also submitted a police report provided information regarding same to Defendant. Defendant continues to deny Plaintiff's legitimate claims of Identity Theft and continues to credit report the accounts, the balances, and the payment history on Plaintiff's credit report(s) with the three (3) main Credit Reporting Agencies.

11. Further, Plaintiff has disputed Defendant's credit reporting of the fraudulent accounts. However, Defendant continues to furnish the inaccurate information pertaining to the debts incurred by the identity thief on Plaintiff's credit report to this date.

12. Further, Plaintiff disputed Defendant's credit reporting of the fraudulent account. On information and belief, upon receipt of Plaintiff's disputes, the three major credit bureaus sent automatic customer dispute verification (ACDV) forms to Defendant informing it that Plaintiff was disputing Defendant's credit-reporting of his account on his credit files.

13. In the face of these ACDVs, Defendant continued to credit report the

account, its balance and its payment history and did not include any notation in said credit reporting that the debt is disputed as fraud by Plaintiff.

14. Plaintiff has spent countless hours over the past year trying to rectify this issue. Plaintiff has also reported this incident to the police.

15. Notwithstanding Plaintiff's exhaustive efforts in this regard, Defendant continued to attempt to collect charges from Plaintiff that were incurred as a result of identity theft.

16. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

17. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to his credit rating and reputation and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

18. As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on his credit file, preventing him from being able to obtain credit, and diminishing his existing and future creditworthiness.

## FIRST CAUSE OF ACTION

### Violations of California Civil Code § 1798.92-97

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

21. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5),

attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## SECOND CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

24. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

25. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

26. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

27. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## THIRD CAUSE OF ACTION

### (Violation of the RFDCPA, Cal. Civ. Code § 1788)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), by violating the following provisions of the FDCPA:

1) Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

3) Defendant violated §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt.

4) Defendant violated §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt, including seeking collection of a debt not authorized by contract or law.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

///

///

## FOURTH CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     The FCRA requires a furnisher such as Defendant after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

34.     Within the last two years, Defendant provided inaccurate information to the credit reporting agencies regarding Plaintiff.

35.     Within the past two years, Plaintiff notified the three major credit bureaus that his credit reports concerning Defendant's trade-line was inaccurate. Thereafter, the three major credit bureaus notified Defendant that Plaintiff was disputing the information Defendant had furnished to them.

36.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

a.     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

c.     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d.     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

  e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

  g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

37. In attempting to collect the aforementioned alleged debt, Defendant, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant continued to report that Plaintiff owes a deficiency balance for fraudulent charges which he did not incur, and in so doing, engaged in false and deceptive means to collect a debt from Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

38. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1798.93(c) and 15 U.S.C. § 1681(n).

39. Statutory damages in the amount of $ 1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b);

40. Statutory damages/civil penalty in an amount up to $30,000.00

pursuant to Cal. Civ. Code § 1798.93(c)(6);

41. Statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o);

42. Punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a) pursuant to Cal. Civ. Code § 1785.31;

43. An award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

44. An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(d); 1788.30(d), and Cal. Civ. Code § 1798.93(c)(5), and 15 U.S.C. § 1681(o).

45. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff hereby demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2024  **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III

*Attorneys for Plaintiff*